IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COAST II COAST TRANSPORT, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **PJM 19-549** |
| | * | |
| INLAND KENWORTH (US), INC., | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Plaintiff Coast II Coast Transport, LLC ("Coast II Coast") has sued Defendant Inland Kenworth (US), Inc. ("Inland Kenworth") in the Circuit Court for Montgomery County, Maryland for allegedly breaching the sales contracts for two trucks that Plaintiff purchased from Defendant. Inland Kenworth removed the case from the Circuit Court to this Court, then filed a Motion to Dismiss or, in the alternative, a Motion to Transfer. ECF No. 2. Coast II Coast opposes both requests and has filed a Motion to Remand. ECF No. 8.

The Court will **GRANT** Inland Kenworth's Motion to Dismiss without prejudice, **DEFER** on its Motion to Transfer, and **DENY** Coast II Coast's Motion to Remand. The forum selection clause in both underlying truck sales contracts is dispositive.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Coast II Coast is a freight transportation business incorporated under the laws of Maryland, with its principal place of business located in Bethesda, Maryland. ECF No. 1-2 ("Complaint") at ¶ 2. Inland Kenworth is a business engaged in the lease and sale of new and used trucks, incorporated under the laws of New Mexico and located in Albuquerque, New Mexico. *Id.* On

1

March 7, 2018 in Albuquerque, Coast II Coast purchased a used 2014 Kenworth T680 semi truck from Inland Kenworth for $61,000.00, making a cash deposit of $2,000.00 and driving the truck off Inland Kenworth's lot. *Id.* at ¶ 3. On April 13, 2018, Coast II Coast purchased a second semi truck from Inland Kenworth, in Albuquerque—a new 2015 Kenworth T680—for $64,000.00, making a cash deposit of $16,000.00 and also driving the truck off Inland Kenworth's lot. *Id.* Coast II Coast alleges that shortly after purchasing both trucks from Inland Kenworth, both vehicles experienced severe mechanical breakdowns, rendering them inoperable. *Id.*

On January 14, 2019, Coast II Coast filed suit against Inland Kenworth in the Circuit Court for Montgomery County, Maryland, alleging breach of contract, breach of implied warranty of merchantability, and breach of implied warranty for a particular use. *Id.* at ¶¶ 4–6. Coast II Coast seeks damages for the deposits it paid on the two trucks, as well as for lost revenue from the inability to use the trucks to deliver freight. *Id.* at ¶ 7.

After being served with a copy of the Complaint and Summons, Inland Kenworth removed the action to this Court on February 21, 2019. ECF No. 1. The next day, on February 22, 2019, Inland Kenworth moved to dismiss the case for lack of personal jurisdiction and improper venue, or, in the alternative, to transfer the case to the U.S. District Court for the District of New Mexico. ECF Nos. 2, 3. On March 9, 2019, Coast II Coast filed its Opposition, ECF No. 9, as well as a Motion to Remand the case to the Circuit Court for Montgomery County, Maryland. ECF No. 8. On March 14, 2019, Inland Kenworth filed both its Reply, ECF No. 14, and its Opposition to Coast II Coast's Motion to Remand. ECF No. 15.

## II. ANALYSIS

Both truck sales contracts between Coast II Coast and Inland Kenworth contain a forum selection clause stating that "[a]ny legal action to enforce the terms of this Agreement or to seek

damages by reason of its breach shall be brought in state or federal courts with the appropriate jurisdiction of the county in which Seller's business is located." ECF Nos. 3-3 at 2, ¶ 9; 3-6 at 2, ¶ 9; 9-3 at 2, ¶ 9; 9-4 at 4, ¶ 9. Courts in this District recognize that "as a prudential matter, federal courts should give effect to a valid and enforceable forum-selection clause, despite the fact that the case was properly removed." *Callendar v. Anthes*, No. DKC 14-0121, 2014 WL 1577787 (D. Md. April 18, 2014).[1] Courts in this District apply a three-factor test to determine whether to enforce a forum selection clause:

> First, [the court] must establish whether the clause is mandatory. If so, the clause is presumptively enforceable. Second, the court must establish whether the clause is presumptively enforceable against the particular claims in dispute, i.e.[,] whether the claims fall within the scope of the clause. If it finds that they do fall within the clause's scope, then that clause presumptively applies to bar their adjudication outside its designated forum. Third and finally, the court must decide whether the party opposing the clause's enforcement has rebutted the presumption of enforceability by proving that enforcement would be unreasonable. If it has not, the clause will be enforced.

*Callendar*, 2014 WL 1577787, at *5 (quoting *Varsity Gold, Inc. v. Lunenfeld,* Civ. No. CCB–08–550, 2008 WL 5243517, at *2 (D. Md. Dec. 12, 2008)) (internal citations and quotation omitted). Accordingly, when parties agree to confer jurisdiction and venue on a particular court for disputes that may arise from that agreement, federal courts favor enforcement of the forum selection clause, unless it is unreasonable. *See Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 649 (4th Cir. 2010).

The Court finds that the forum selection clause is enforceable against Coast II Coast's action against Inland Kenworth. First, the clause is clearly mandatory, as it provides that legal

---

[1] "The initial step in analyzing the validity of a forum selection clause is to determine whether state or federal law should be applied." *Koch v. Am. Online, Inc.,* 139 F. Supp. 2d 690, 692 (D. Md. 2000). In actions, such as this one, where the parties are in federal district court due to diversity of citizenship, the forum selection clause is evaluated under the substantive law of Maryland. *See Silo Point II LLC v. Suffolk Constr. Co., Inc.,* 578 F. Supp. 2d 807, 809 (D. Md. 2008). Maryland courts have adopted the federal standard in analyzing the enforceability of a forum-selection clause. *Gilman v. Wheat, First Sec., Inc.,* 345 Md. 361, 371–78 (1997).

3

actions arising from the truck sales contracts "shall" be filed in state or federal court in the relevant county where Inland Kenworth is located, i.e., in New Mexico. Courts interpreting forum selection clauses have consistently held that the word "shall" compels that disputes be resolved in either a particular court or selection of courts located within a specified geographical area. *See, e.g.*, *Bartels v. Saber Healthcare Group, LLC*, 880 F.3d 668, 674–75 (4th Cir. 2018); *FindWhere Holdings, Inc. v. Sys. Environment Optimization, LLC*, 626 F.3d 752, 755–56 (4th Cir. 2010).

Second, the forum selection clause covers the particular claims in the present case, as it applies to "[a]ny legal action" arising from the truck sales contracts, and Coast II Coast has alleged breach of contract and breach of warranty claims against Inland Kenworth in the Complaint.

Third, Coast II Coast has not rebutted the presumption of enforceability by demonstrating that the forum selection clause is unreasonable. A forum selection clause may be unreasonable if

> (1) [its] formation was induced by fraud or over-reaching; (2) the complaining party will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) [its] enforcement would contravene a strong public policy of the forum state.

*Albemarle Corp.*, 628 F.3d at 649 (citing *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996)) (internal quotation marks omitted). Coast II Coast argues that the truck sales contracts were procedurally and substantively unconscionable because the forum selection clause was "not conspicuous" and was "buried in a form contract." ECF No. 9 at 11. Yet, Coast II Coast's sole owner has stated by affidavit that he has twenty-three years' experience operating freight trucks, *see* ECF No. 9-2 at ¶ 2, suggesting that he is familiar with language commonly used in sales contracts, and should therefore have reasonably anticipated the inclusion of a forum selection clause. Coast II Coast also argues that the forum selection clause would impose an undue burden by requiring it to litigate the present case in New Mexico. ECF No. 9 at 11. However, Coast II Coast's sole owner was willing to travel to New Mexico twice to purchase the trucks underlying

this case. *See* ECF No. 9-2 at ¶ 9. While litigating a dispute in New Mexico would require Coast II Coast to expend more time and resources than purchasing a truck there, Plaintiff's history of doing business in New Mexico suggests that it is able to travel there without being unreasonably burdened.

In sum, it is indisputable that this Court is not the proper venue for the dispute between Coast II Coast and Inland Kenworth.[2] The Court, however, **DEFERS** any ruling on Inland Kenworth's Motion to Transfer this case to the U.S. District Court for the District of New Mexico. Coast II Coast, as Plaintiff, for any number of reasons, may or may not wish to pursue the case in New Mexico. Accordingly, the Court will give Coast II Coast the option of deciding whether to go forward with its case in New Mexico federal court or dismiss the case altogether without prejudice. Coast II Coast shall state its position in writing within fourteen (14) days.

---

[2] Inland Kenworth argues at length that the case should be dismissed for lack of personal jurisdiction. ECF No. 3 at 5–10. Because the Court finds that the forum selection clause in the truck sales contracts is mandatory and, consequently, venue in this Court is improper, it is unnecessary to determine whether it would be constitutionally reasonable for the Court to exercise personal jurisdiction over Inland Kenworth.

## III. CONCLUSION

For the foregoing reasons, Defendant Inland Kenworth's Motion to Dismiss is **GRANTED WITHOUT PREJUDICE** and the Court's ruling on Inland Kenworth's Motion to Transfer is **DEFERRED**. Within fourteen (14) days, Plaintiff Coast II Coast shall make its position known to the Court in writing as to whether it consents to have the case transferred to Federal Court in New Mexico (if Plaintiff does not respond within this time, the Defendant's Motion to Transfer will be denied). Plaintiff Coast II Coast's Motion to Remand is **DENIED**.[3]

A separate Order will **ISSUE**.

                                                                                                                                                 /s/               
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**June 19, 2019**

---

[3] Coast II Coast seeks to remand the case on the grounds of abstention. ECF No. 8 at 6–9. However, federal courts may remand or dismiss a case based on abstention principles only where the relief being sought is equitable or declaratory. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719 (1996). While federal courts may stay actions for damages on the basis of abstention, they may not remand or dismiss them on that basis. *See id.* at 721. Accordingly, because Coast II Coast only seeks damages in the present case, *see* Complaint at ¶ 7, the Court may not remand on the basis of abstention.